**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TAMMY J. BARRERA, | ) | No. SACV 08-1084 (CW) |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the
jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks
review of the Commissioner's denial of disability benefits.  As
discussed below, the court finds that the Commissioner's decision
should be reversed and this matter remanded for further proceedings.

**I.   BACKGROUND**

Plaintiff Tammy Barrera was born on December 12, 1964, and was
forty-three years old at the time of her last administrative hearing.
[Administrative Record ("AR") 64, 143.]  She has a high school
education and past relevant work experience as an executive

1

administrative secretary. [AR 18.]  Plaintiff alleges disability on
the basis of bipolar disorder. [AR 86.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 29, 2008, and filed
on October 14, 2008.  On April 22, 2009, Defendant filed an Answer and
Plaintiff's Administrative Record ("AR").  On June 19, 2009, the
parties filed their Joint Stipulation ("JS") identifying matters not
in dispute, issues in dispute, the positions of the parties, and the
relief sought by each party.  This matter has been taken under
submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") under
Title II of the Social Security Act on December 14, 2005, alleging
disability since October 4, 2005. [AR 11.]  After the application was
denied initially, Plaintiff requested an administrative hearing, which
was held on November 5, 2007, before Administrative Law Judge ("ALJ")
Helen E. Hesse.  [AR 21.]  Plaintiff appeared with counsel, and
testimony was taken from Plaintiff, medical expert Craig Rath, and
vocational expert Steven Berry. [AR 22.]  A supplemental hearing was
held on April 21, 2008. [AR 64.]  Plaintiff appeared with counsel and
testified. [AR 65.]  The ALJ denied benefits in a decision filed on
July 25, 2008.  [AR 11-20.]  When the Appeals Council denied review on
September 19, 2008, the ALJ's decision became the Commissioner's final
decision.  [AR 1-3.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The Commissioner's (or
ALJ's) findings and decision should be upheld if they are free of

2

1  legal error and supported by substantial evidence.  However, if the
2  court determines that a finding is based on legal error or is not
3  supported by substantial evidence in the record, the court may reject
4  the finding and set aside the decision to deny benefits.  See Aukland
5  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
6  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
7  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
8  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
9  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
10 v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

11      "Substantial evidence is more than a scintilla, but less than a
12 preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
13 which a reasonable person might accept as adequate to support a
14 conclusion." Id.  To determine whether substantial evidence supports
15 a finding, a court must review the administrative record as a whole,
16 "weighing both the evidence that supports and the evidence that
17 detracts from the Commissioner's conclusion." Id.  "If the evidence
18 can reasonably support either affirming or reversing," the reviewing
19 court "may not substitute its judgment" for that of the Commissioner.
20 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

21                          **V.  DISCUSSION**

22      **A.   THE FIVE-STEP EVALUATION**

23      To be eligible for disability benefits a claimant must
24 demonstrate a medically determinable impairment which prevents the
25 claimant from engaging in substantial gainful activity and which is
26 expected to result in death or to last for a continuous period of at
27 least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
28 721; 42 U.S.C. § 423(d)(1)(A).

                                 3

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

4

1  education, and work experience, a claimant can perform other work

2  which is available in significant numbers.  Tackett, 180 F.3d at 1098,

3  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4      **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5      Here, the ALJ found that plaintiff had not engaged in substantial

6  gainful activity since her alleged disability onset date (step one);

7  that plaintiff had "severe" impairments, namely bipolar disorder and

8  history of substance abuse (step two); and that plaintiff did not have

9  an impairment or combination of impairments that met or equaled a

10 "listing" (step three). [AR 13.]  The ALJ determined that Plaintiff

11 had an RFC "to perform a full range of work at all exertional levels

12 but with the following nonexertional limitations: she is precluded

13 from climbing ladders.  She should avoid unprotected heights,

14 dangerous or fast moving machinery, and open pools of water.  She can

15 work where no hypervigilence is required, and she is not in charge of

16 safety operations of others, she has no intense interpersonal

17 interactions, she does not supervise others, with no high production,

18 quota or rapid assembly line work.  She can work at a moderate pace."

19 [AR 14.]  Plaintiff was unable to perform any past relevant work (step

20 four). [AR 18.]  The vocational expert testified that a person with

21 Plaintiff's RFC could perform other work in the national economy, such

22 as laundry worker II, kitchen helper and packager (step five). [AR

23 19.]  Accordingly, the ALJ found that Plaintiff was not under a

24 disability, as defined by the Social Security Act, through the date of

25

26 work without directly limiting strength, and include mental, sensory,
   postural, manipulative, and environmental limitations.  Penny v.
   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
27 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
   nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,
28 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1  the decision. [Id.]

2        C.   ISSUES IN DISPUTE

3        The parties' Joint Stipulation raises five disputed issues:

4        1.   Whether the ALJ properly considered the opinion of

5             Plaintiff's treating physician, Dr. Brett R. Williams;

6        2.   Whether the ALJ properly considered the opinion of

7             Plaintiff's treating physician, Dr. Hanaa Wadie Fam;

8        3.   Whether the ALJ properly considered Plaintiff's mental

9             impairment;

10       4.   Whether the ALJ properly considered Plaintiff's seizure

11            disorder; and

12       5.   Whether the ALJ properly considered Plaintiff's testimony.

13       [JS 2-3.]

14       As discussed below, Issue Four is dispositive.

15       D.   SEIZURE DISORDER

16       In March 2007, Plaintiff underwent a Neurologic Evaluation

17  conducted by Dr. Paul Maistros. [AR 310-11.]  Plaintiff complained of

18  "blackouts" that started approximately one year earlier. [AR 310.]

19  Plaintiff's history of bipolar disorder and migraines was noted. [Id.]

20  Upon neurologic examination, Dr. Maistros noted a clinical impression

21  of "trance-like behavior associated with fugue states, episodes of

22  partial complex seizures, and some kind of alternative behavior of

23  undetermined etiology, or even toxic effect from medication" and

24  recommended further testing. [AR 311.]  The next day, an

25  electroencephalogram revealed an "abnormal EEG with slightly

26  disorganized background activity and paroxysmal sharp discharges with

27  epileptiform potential." [AR 312.]  In April 2007, Dr. Maistros gave

28  an assessment of "partial complex seizures" and prescribed Topamax for

                                    6

Plaintiff's migraines. [AR 304.]  A few days later, an MR Imaging of
Plaintiff's brain was "essentially negative" but with the possibility
of a "small calcification" that could either be "of little
significance" or "a small focus of cysticercosis." [AR 305-06.]  In
June 2007, Dr. Maistros noted that Plaintiff had not had any seizures
since her prior visit and that "overall, things are settling down, and
the headaches are significantly less." [AR 303.]  However, Dr.
Maistros diagnosed Plaintiff with a seizure disorder and recommended
that Plaintiff continue with her medication management. [Id.]  The ALJ
rejected Dr. Maistros' opinion as "unreliable" because "the issue of
[Plaintiff's] drug abuse was never addressed by Dr. Maistros" and "he
was apparently unaware of the full parameters of this claimant." [AR
17.]

        It is well-settled in the Ninth Circuit that the opinion of a
treating physician, even if contradicted by opinions offered by other
medical sources, cannot be rejected unless the Commissioner provides
"specific and legitimate reasons" supported by substantial evidence in
the record.  Lester, 81 F.3d at 830.  Such reasons were not provided
here with respect to the opinion of Dr. Maistros.  The Commissioner's
complete rejection of the opinion was not supported by the record:  no
medical professional called into question the evidentiary value of Dr.
Maistros' opinion based on his supposed ignorance of Plaintiff's drug
history, much less provided a basis to reject the opinion in its
entirety.  Even assuming that there was some basis to question Dr.
Maistros' opinion on the grounds cited by the Commissioner, rejection
of this evidence was improper at this stage of the five-step inquiry.
See Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001)("[A]n
ALJ must first conduct the five-step inquiry without separating out

7

1    the impact of alcoholism and drug addiction"). Accordingly, reversal
2    is required.

3         **E.    REMAND FOR FURTHER PROCEEDINGS**

4         The decision whether to remand for further proceedings is within
5    the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,
6    1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
7    further proceedings, or where the record has been fully developed, it
8    is appropriate to exercise this discretion to direct an immediate
9    award of benefits.  Harman, 211 F.3d at 1179 (decision whether to
10   remand for further proceedings turns upon their likely utility).
11   However, where there are outstanding issues that must be resolved
12   before a determination can be made, and it is not clear from the
13   record that the ALJ would be required to find the claimant disabled
14   and entitled to benefits if all the evidence were properly evaluated,
15   remand is appropriate.  Id.

16        Here, because specific and legitimate reasons based on
17   substantial evidence in the record were not provided to reject Dr.
18   Maistros' opinion, it is credited as true.  Harman, 211 F.3d at 1178;
19   Lester, 81 F.3d at 834.  Even so, however, Plaintiff's entitlement to
20   benefits is not clear because Dr. Maistros offered no clear opinion as
21   to whether Plaintiff had any functional limitations as a result of her
22   seizures which would direct a finding of disability on the basis of
23   the current record.  Moreover, even if such a finding were directed,
24   it would not direct an automatic award of benefits in light of
25   unresolved questions as to whether Plaintiff continues to use drugs
26   and alcohol and, if so, whether such use is a contributing factor
27   material to a finding of disability.  See Bustamante, 262 F.3d at 954.
28   Under these circumstances, outstanding issues remain before a finding

8

1    of disability can be made.[2]   Accordingly, remand is appropriate.

2                            **VI.   ORDERS**

3        Accordingly, **IT IS ORDERED** that:

4        1.    The decision of the Commissioner is **REVERSED**.

5        2.    This action is **REMANDED** to defendant, pursuant to Sentence

6    Four of 42 U.S.C. § 405(g), for further proceedings as discussed

7    above.

8        3.    The Clerk of the Court shall serve this Decision and Order

9    and the Judgment herein on all parties or counsel.

10

11   DATED: June 30, 2009

12                              _____/S/_____
                                     CARLA M. WOEHRLE
13                              United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27        [2] The problems outlined above would also apply to Plaintiff's
     other four claims raised in the Joint Stipulation.   See <u>Bustamante</u>,
28   262 F.3d at 954.

                                     9